UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN E. PUTNAM,<br><br>   Petitioner,<br><br> v.<br><br>MARSHALL HOPPER, Chief Probation Officer, Placer County Probation Department,<br><br>   Respondent.[1] | No. 2:17-cv-0832-GEB-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner is in the custody of the California Department of Corrections and Rehabilitation, and is proceeding through counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner concedes that none of his four claims have been presented to the California Supreme Court and are therefore unexhausted. ECF No. 1, ¶ 11. He requests that this action be stayed pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *Id.* ¶ 12. Respondent opposes a stay and asks that the petition be dismissed without prejudice as unexhausted. ECF No. 12. Petitioner filed an opposition and respondent filed a reply. ECF Nos. 22, 23. Because petitioner has failed to show good cause for his failure to exhaust his claims before filing them in

---

[1] Marshall Hopper, Chief Probation Officer of Placer County Probation Department (through which petitioner was released on Post Release Community Supervision), is hereby substituted as respondent. Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; *Bittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian.").

this court, his motion to stay should be denied and respondent's motion to dismiss the unexhausted petition should be granted.

**I.     Background**

On March 21, 2013, petitioner was convicted of pimping and pandering. Resp't's Lod. Docs. 2, 6. He was sentenced to a determinate state prison term of seven years, four months. Resp't's Lod. Doc. 2. On April 20, 2016, the state appellate court affirmed the judgment. Resp't's Lod. Doc. 3.

On May 12, 2016, petitioner wrote to his appellate counsel, Richard R. Dudek, to find out if he would be filing an appeal in the California Supreme Court. ECF No. 22, Ex B at 31.[2] On May 19, 2016, Dudek responded by letter that he would "NOT be filing an appeal with the Supreme Court," that he would no longer be representing petitioner, and that petitioner was "currently without legal representation." Resp't's Lod. Doc. 5. On May 30, 2016, petitioner's deadline for filing a petition for review in the California Supreme Court expired. *See* Cal. Rules of Court 8.366 & 8.500. He did not file a petition for review.

On June 8, 2016, through attorney Timothy Woodall, petitioner filed a petition for writ of habeas corpus in the state superior court. Resp't's Lod. Doc. 6. The superior court denied the petition the following day. *Id.*

On August 29, 2016, petitioner signed a pro se petition for writ of habeas corpus that was filed in the state superior court on September 30, 2016. Resp't's Lod. Doc. 7. In this petition, petitioner raised the same four claims as the instant petition. *See id.* On December 13, 2016, the state superior court denied relief. *Id.*

On April 20, 2017, petitioner filed his petition in this action. ECF No. 1. He concedes that his claims have not been presented to the California Supreme Court but asks that his petition be stayed because (1) appellate counsel unexpectedly abandoned him and did not provide him with copies of trial transcripts until mid-July 2016; (2) given the uncertainty in California's habeas procedures, there was no guarantee that filing a petition in the California Supreme Court

---

[2] For ease of reference, all references to page numbers are to those assigned via the court's electronic filing system.

2

would have been deemed timely and thus tolled the federal limitations period; (3) an ongoing investigation into his case may result in new evidence, requiring that he delay filing in the California Supreme Court, so as to avoid the filing of improper piecemeal habeas petitions in that court; and (4) he has filed a "protective petition" in accordance with *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). *See* ECF No. 22.

**II.  Legal Standards**

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999); *Harris v. Superior Court of California*, 500 F.2d 1124, 1125 (1974).

In "limited circumstances," the court may stay a petition to allow a petitioner the opportunity to present his unexhausted claims to the state court. *Rhines*, 544 U.S. at 275-77; *see also Mena v. Long*, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the *Rhines* stay and abeyance procedure to federal petitions that are fully unexhausted). Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, the stay and abeyance procedure is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [his

failure to exhaust his claims in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). A "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. at 416. Unless a stay is appropriate, an unexhausted petition must be dismissed. *See Mena*, 813 F.3d at 908.

**III.    Discussion**

Petitioner offers four reasons for his failure to exhaust his federal claims in state court before presenting them to this court. Those reasons are not sufficient to justify his failure to exhaust.

First, petitioner argues that the unexpected abandonment by his appellate counsel in May 2016, and subsequent delay in providing petitioner with copies of his voluminous trial transcripts, justifies his failure to exhaust. ECF No. 1 at 5. These excuses, however, fail to reasonably explain why petitioner could not have presented his claims to the California Supreme Court prior to commencing this action. *See Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (no "good cause" where "[a]ppellate counsel's alleged failure did nothing to prevent Petitioner from seeking state habeas relief for the unexhausted claims."). By June 8, 2016, petitioner had already retained new post-conviction counsel and had filed a petition for writ of habeas corpus in the state superior court. By mid-July 2016, petitioner had personally obtained copies of his trial transcripts. ECF No. 22 at 2. And by August 29, 2016, petitioner was aware of the factual basis for each of the claims asserted in this action. *See* Resp't's Lod. Doc. 7 (petitioner's pro se habeas petition filed in state superior court); *see also Reyes v. Soto*, No. CV 15-8566, 2016 U.S. Dist. LEXIS 125901, at *17-18 (C.D. Cal. Aug. 1, 2016) (no good cause for failure to exhaust where petitioner knew factual basis for his unexhausted claims long before he filed his federal petition). Under these circumstances, petitioner was able to present his claims in a state habeas petition to the California Supreme Court, but without explanation, presented them only to the state superior court. *See Meza v. Barretto*, No. CV 16-05867-FMO (KES), 2017 U.S. Dist. LEXIS 27242, at *15 (C.D. Cal. Jan. 17, 2017) (no good cause for failure to exhaust where petitioner failed to explain why he presented federal claims to state superior court, but failed to "send[ ] the same petition to the California Supreme Court."). Thus, appellate counsel's alleged

4

failures did nothing to prevent petitioner from seeking post-conviction habeas relief in the California Supreme Court during the seven-plus months that elapsed from August 29, 2016 to April 20, 2017, when petitioner filed the instant petition.

Second, petitioner argues that following the state superior court's December 13, 2016 denial, there was "no guarantee that [filing] a California Supreme Court petition would have tolled the [federal statute of] limitations." *See* ECF No. 22 at 3 (arguing that because more than six months had elapsed since the denial of petitioner's first superior court petition on June 9, 2016, any Supreme Court "exhaustion petition" might not have been "timely" under *Evans v. Chavis*, 546 U.S. 189, 192-193 (2006), and therefore not "properly filed" so as to statutorily toll the federal limitations period). This purported "risk," however, does not reasonably excuse petitioner's failure to exhaust in this case. ECF No. 22 at 4. As discussed, petitioner could have presented his claims to the California Supreme Court as early as August 29, 2016, but did not. Moreover, petitioner did not need any "guarantee" in the way of statutory tolling as of December 2016. Even without tolling, he still had another five months – until May 30, 2017 – to file a timely federal petition.[3] Therefore, this excuse rings hollow. *See Sam v. Davey*, No. 2:17-cv-744-JAM-GGH, 2017 U.S. Dist. LEXIS 124584, at *3 (E.D. Cal. Aug. 7, 2017) ("*Rhines* asks nothing more than that a petitioner adequately state a valid reason" for failing to first present claims to the California Supreme Court).

Third, petitioner claims that one or more witnesses "may be able to provide material information supportive of [his] claims." ECF No. 22 at 5. Without any specificity, petitioner contends that this "ongoing investigation" excuses his failure to exhaust. *See id.* at 4-6 (arguing that if he had filed a petition in the California Supreme Court before his investigation had "borne fruit," he "would have risked the filing of a state petition not adequately supported."). Petitioner does not indicate when he commenced this investigation, what specific facts the investigation might uncover, or how those facts would support his claims. He also fails to explain why he was

---

[3] As respondent points out (ECF No. 23 at 5, n.2), the one-year statute of limitations began to run on June 1, 2016, the day on which petitioner's opportunity to seek direct review expired. 28 U.S.C. § 2244(d)(1)(A).

able to present his claims to this court without the "fruits" of the investigation, yet unable to present those same claims to the California Supreme Court. Thus, petitioner fails to show how any ongoing investigation excuses his failure to exhaust in this case. *See Reyes v. Soto*, No. CV 15-8566-CJC, 2016 U.S. Dist. LEXIS 125901, at *18-19 (C.D. Cal. Aug. 1, 2016) (petitioner's engagement in "ongoing investigations" did not create good cause for *Rhines* stay).

Finally, petitioner insists that he has filed a "protective petition" as contemplated by the United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). ECF No. 22 at 7. In *Pace*, the Court suggested that a petitioner may file a protective federal habeas petition while a state court petition is pending. *See id.* (responding to concern that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' and thus that his federal habeas petition is time barred."); *see also Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (suggesting that petitioners "file in both state and federal court simultaneously where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline."); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 20104) (characterizing the type of federal petition discussed in *Dolis* as the "quintessential 'protective petition'"). Indeed, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" pending exhaustion of his claims in state court. *Pace*, 544 U.S. at 416.

Here, petitioner fails to demonstrate how the instant petition can be construed as "protective" within the meaning of *Pace* given his failure to file any petition in the California Supreme Court prior to commencing this action. *See Mitchell v. Hedgepeth*, No. CV 08-562-RGK (FFM), 2015 U.S. Dist. LEXIS 166301, at *9-10 (C.D. Cal. Aug. 14, 2015) ("The problem with this argument was twofold: first, petitioner did not file a petition with the California Supreme Court . . . thus *Pace* was inapplicable in that petitioner's federal filing was not a 'protective' filing while he pursued state remedies and petitioner entertained no reasonable confusion about the timeliness of a non-existent state petition."); *Brodheim v. Cate*, No. CIV S-08-2094-WBS-CMK-P, 2009 U.S. Dist. LEXIS 45168, at *4 (E.D. Cal. May 28, 2009)

(dismissing purported "protective petition" as unexhausted where case did "not present the situation of a pending state court petition which could be denied as untimely"). Accordingly, petitioner's reliance on *Pace* is unavailing.

**IV.     Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 1) be denied.
2. Respondent's motion to dismiss (ECF No. 12) be granted.
3. The unexhausted petition (ECF No. 1) be dismissed without prejudice and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 15, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE